## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY CARLSON and LUCAS NEWTON, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-23-00802-PRW |
| PHAROAH ENERGY SERVICES, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Plaintiffs' Motion for Conditional Certification and Notice to Collective Members (Dkt. 26); the Response (Dkt. 31), filed by Defendant Pharoah Energy Services, LLC; and Plaintiffs' Reply (Dkt. 34). Plaintiffs ask the Court to certify a class of all Pharoah's salaried field personnel during the past three years. For the following reasons, the Court **GRANTS** the Motion (Dkt. 26).

### *Background*

Plaintiffs sued their former employer, Pharoah, for violations of the Fair Labor Standards Act. According to Plaintiffs, Pharoah's field personnel regularly work more than 40 hours per week. Pharoah allegedly paid all its field personnel on a salary basis without overtime compensation, pursuant to company policy. Plaintiffs contend that this policy violates the FLSA.[1] They desire to prosecute their claims on behalf of themselves and

---

[1] 29 U.S.C. §§ 201–219.

1

others similarly situated. Accordingly, they seek an Order allowing notice to potential plaintiffs and conditional certification pursuant to Section 216(b) of the FLSA. Pharoah opposes the Motion, arguing that Plaintiffs (1) failed to allege a common unlawful policy; (2) have not justified a three-year limitations period; and (3) proposed an improper notice.

## *Legal Standard*

The FLSA allows "any one or more employees" to bring a collective action against their employer "for and on behalf of himself or themselves and other employees similarly situated."[2] Putative collective members must opt in to the FLSA action by consenting in writing.[3] Courts have discretion to "facilitat[e] notice to potential plaintiffs."[4] The Tenth Circuit has endorsed the *ad hoc* approach, a two-step process to help ensure that only "similarly situated" plaintiffs join the action.[5]

At the first step, the district court makes "an initial 'notice stage' determination of whether plaintiffs are 'similarly situated,'" based on a showing of "substantial allegations that the putative [collective] members were together the victims of a single decision, policy, or plan."[6] Courts are to apply a "fairly lenient standard[,]"[7] requiring plaintiffs to provide only a "modest factual showing[.]"[8] If such a showing is made, the court generally approves

---

[2] § 216(b).

[3] *Id.*

[4] *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–71 (1989).

[5] *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102–04 (10th Cir. 2001).

[6] *Id.* (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[7] *Id.* at 1103.

[8] *Blankenship v. Kwick Rentals, LLC*, No. CIV-15-1057-D, 2016 WL 4734686, at *4 (W.D.

an initial notice of the action to potential plaintiffs.[9] Such notice must be "timely, accurate, and informative," and "avoid even the appearance of judicial endorsement of the merits of the action."[10]

At the second step, generally at the close of discovery, the court performs a more stringent review to weed out those not similarly situated on a per-plaintiff basis.[11] Several factors go into this review, including "disparate factual and employment settings of the individual plaintiffs; [and] the various defenses available to [the] defendant which appear to be individual to each plaintiff[.]"[12]

### *Analysis*

## I.    **Conditional certification is warranted.**

Plaintiffs seek to conditionally certify a class of:

**ALL PHAROAH FIELD PERSONNEL DURING THE PAST 3 YEARS WHO WERE PAID ON A SALARY BASIS**.[13]

In support, Plaintiffs submit four declarations from Pharaoh field personnel who regularly put in well over 40 hours per week of manual labor without receiving overtime pay. The declarations consist of statements by two Field Supervisors, one "Hand" and one Pump

---

Okla. Sept. 9, 2016) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

[9] As here, this first step is commonly referred to as "conditional certification." That language, borrowed from the context of class actions, may be a misnomer for § 216(b) collective actions. *See Clark v. A&L Homecare & Training Center, LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023).

[10] *Hoffman-La Roche*, 493 U.S. at 172, 174.

[11] *Thiessen*, 267 F.3d at 1102–03.

[12] *Id.*

[13] Mot. (Dkt. 26), at 2.

Supervisor. They all testify that they "performed primarily manual labor related to acidizing and pressure pumping at oil and gas drilling sites."[14] They further provide that they, along with other Field Supervisors, Hands, and Pump Supervisors, usually worked seven days a week, accruing "substantially more" than 40 hours per week. They were salaried, meaning that they did not receive any payment for the overtime hours that they worked. They testify that all other field personnel (which they define as Field Supervisors, Hands, Pump Supervisors, and others working in the field) were also salaried and did not receive overtime pay. Also, Field Supervisor Randy Carlson names six additional field personnel employees who worked overtime hours without receiving overtime pay.[15] He estimates that around 40–60 of Pharoah's employees also fall into this category.

Pharoah argues that Plaintiffs have not met their burden of raising substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. Specifically, it argues that (A) the declarations are too generalized and (B) conditional certification is inappropriate because individualized factual inquiries are necessitated as to each employee.

### A.    The declarations are not conclusory.

Plaintiffs have met their burden of making a modest factual showing that the that the putative class members were the victims of a single policy. Pharoah contends that the declarations rely on hearsay[16] and allege in conclusory fashion that employees other than

---

[14] Mot. Exs. 4–7 (Dkt. 26-4–Dkt. 26-7).

[15] Decl. of Randy Carlson (Dkt. 26-4), ¶¶ 3–4.

[16] Some caselaw supports Plaintiffs' reliance on hearsay at this stage. *See Sharp v. CGG*

the declarants were similarly situated. But even disregarding the declarant's statements about other employees, Plaintiffs have successfully shown that a sampling of at least three different positions in the field performed substantially similar work, regularly accrued more than 40 work hours per week, and did not receive overtime pay. This satisfies the Plaintiffs' modest burden of substantially alleging that field personnel who worked overtime were all victims of a single policy. And it is further bolstered by the fact that five other individuals (two of whom are among the above-discussed declarants) have already consented in writing to take part in this action.[17]

Pharoah relies on *Blancarte v. Provider Plus, Inc.*[18] and *Saarela v. Union Colony Protective Servs., Inc.*[19] But those cases involved plaintiffs who provided only their own statements without identifying others subject to the same policy. Here, multiple declarants, the amended complaint, and pre-notice opt-ins all support the existence of a company-wide policy.[20]

---

*Land (U.S.) Inc.*, No. 14-CV-0614-CVE-TLW, 2015 WL 222486, at *2 n.4 (N.D. Okla. Jan. 14, 2015) ("[A]t the first stage a plaintiff must provide 'substantial allegations,' not evidence, that the potential class members are similarly situated." It is inappropriate "to hold plaintiff to the standards of the Federal Rules of Evidence at this stage . . . [because] the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case.").

[17] Notice Of Filing of FLSA Consents (Dkt. 3).

[18] No. 11-2567-JAR-KGG, 2012 WL 4442642, at *3 (D. Kan. Sept. 26, 2012).

[19] No. 13-CV-01637-MSK-MJW, 2014 WL 3408771, at *3 (D. Colo. July 14, 2014).

[20] Pharoah also cites to *Hughes v. Gulf Interstate Field Servs., Inc.* and *Roberts v. Target Corp.* In *Hughes*, however, the district court granted the motion for conditional certification but limited the scope of the class to the specific project on which  the declarants worked. No. 2:14-CV-000432, 2015 WL 4112312, at *3 (S.D. Ohio July 7, 2015). Nothing in the record suggests that a similar limitation is warranted here. And *Roberts* involved a motion

**B.    Individualized inquiries do not preclude certification at this stage.**

Pharoah also argues that conditional certification is inappropriate because individualized factual inquires will have to be made for each employee. It points to the various job titles of the declarants along with the fact that they worked on different locations and different job sites, meaning that the nature of their work is not the same from one day to the next.[21] But just because employees have different job titles does not mean that they are dissimilarly situated.[22] Indeed, the declarations show that the differences between the job titles here were superficial, as each declarant performed substantially the same manual duties.

Regarding Pharoah's contention that the declarants worked on different job sites, "[g]eographic commonality is not necessary to satisfy the FLSA collective action's 'similarly situated' requirement, so long as the employees were impacted by a common policy."[23] Thus, where a reasonable basis exists "to conclude that the same policy applies to multiple locations of a single company, certification is appropriate."[24] Given the

---

to strike exhibits filed in support of a motion to conditionally certify a class pursuant to the Age Discrimination in Employment Act. No. CIV-11-0951-HE, 2012 WL 12848199, at *2 (W.D. Okla. Dec. 5, 2012). Pharoah has not moved to strike Plaintiffs' exhibits.

[21] Pharoah also "point[s] out" that the Court will have to determine whether certain exemptions under the FLSA apply. However, it explicitly does not ask the Court to make that determination at this time.

[22] *Olivas v. C & S Oilfield Servs., LLC*, 349 F. Supp. 3d 1092, 1111 (D.N.M. 2018).

[23] *Whitlow v. Crescent Consulting, LLC*, 322 F.R.D. 417, 423 (W.D. Okla. 2017) (quoting *McCloud v. McClinton Energy Grp., L.L.C.*, 2015 WL 737024, at *8 (W.D. Tex. Feb. 20, 2015)).

[24] *Id.* (quoting same).

allegations that Pharaoh uniformly classified field personnel as exempt from overtime pay, certification is appropriate at this stage.

## II.     A three-year notice is proper.

Next, Pharoah argues that the FLSA statute of limitations precludes a notice extending three years. Generally, the FLSA has a two-year statute of limitations, except where "a cause of action aris[es] out of a willful violation[,]" in which case an action "may be commenced within three years after the cause of action accrued[.]"[25]

"[B]ecause the issue of willfulness speaks to the merits of the case[,]" district courts "generally use the three[-]year limitations period in the first stage conditional certification."[26] Moreover, at the pleading stage, a plaintiff usually need only raise general assertions of a person's state of mind, such as willfulness.[27] In their Amended Complaint, Plaintiffs alleged that Pharoah "failed to make a good faith effort to comply with the FLSA. Instead, [it] knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation."[28] The Court is satisfied that such allegations are sufficient at this stage and that the proposed notice should extend to three years.[29]

---

[25] 29 U.S.C. § 255(a).

[26] *Sharp*, 2015 WL 222486, at *5 (collecting cases).

[27] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299–1300 (10th Cir. 2018) (quoting Fed. R. Civ. P. 9(b)).

[28] Am. Compl. (Dkt. 12), ¶ 23.

[29] *See Fernandez*, 883 F.3d at 1300 (finding that "the allegation of willfulness suffices" where the complaint alleged the employer knew of the conduct that allegedly violated the FLSA and that the employer's knowledge of the pertinent FLSA requirements was plausible).

III.    **Plaintiffs' proposed notice is appropriate.**

Finally, Pharoah raises several objections to Plaintiffs' Proposed Notice (Dkt. 26-1). Pharoah asks for an opportunity to confer with Plaintiffs to resolve these matters. The Court finds that such a meet and confer is unnecessary as Pharoah's objections are readily capable of resolution.

Plaintiffs do not oppose Pharoah's first objection—to Plaintiffs' use of the term "field worker," instead of "Field Personnel." Accordingly, the Notice shall refer only to "Field Personnel," not "field worker(s)."

Pharoah next objects to the Proposed Notice as overbroad. But, as Plaintiffs argue, this objection goes to the question of whether conditional certification is appropriate in the first place. As discussed above, the Court concludes that Plaintiffs have raised substantial allegations to support conditional certification of the above class. The Court finds that the Proposed Notice is reflective of the class and not overinclusive.

Pharoah also objects to the exclusion of information as to how recipients of the Proposed Notice were identified. The Court finds that such information has little relevance and need not be included.

Pharoah objects to the inclusion of the heading "Can I be Retaliated Against?" as implying that Pharoah possibly will retaliate against its employees. Plaintiffs respond that such provisions are standard. The Court finds that current employees are entitled to know that it is a violation of the FLSA for Pharoah to retaliate against them for exercising their

right to opt in to the litigation.[30]

Pharoah objects to notifying potential plaintiffs via text message as improper.[31] Several courts in this circuit, however, have approved such notice.[32] Pharoah has not shown that such means of notification are inappropriate here, especially considering Carlson's declaration regarding the difficulty field personnel may have in regularly checking their mail.[33]

Finally, Pharoah requests that a third-party administrator dispense the notice. It argues that such an administrator is necessary to mitigate the "potential for misuse of the class device, as by misleading communications."[34] It also asserts that use of a third-party administrator will protect potential class members' privacy and prevent cumulative communications from Plaintiffs' counsel. Plaintiffs oppose the appointment of an administrator as an unnecessary cost. The record does not reflect the need for a third-party administrator.[35] As Plaintiffs argue, the potential class size (40–60 members) appears to be manageable. They also represent that counsel for the parties have a good working relationship. And there is no evidence beyond Pharoah's speculation of a risk of improper

---

[30] *See Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002).

[31] Resp. (Dkt. 31), at 10 (citing *Wilson v. Filtrex Serv. Grp., Inc.*, No. 18-CV-499-JED-FHM, 2019 WL 7755929, at *4 (N.D. Okla. Dec. 19, 2019)).

[32] *See*, *e.g.*, *Culver v. Saint Francis Health Sys., Inc.*, No. 24-CV-0078-CVE-MTS, 2024 WL 3540439, at *4 (N.D. Okla. July 25, 2024); *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017)).

[33] Decl. of Randy Carlson (Dkt. 26-4), ¶ 4.

[34] Resp. (Dkt. 31), at 10 (quoting *Hoffmann-La Roche Inc.*, 493 U.S. at 487).

[35] *See Sanchez v. Simply Right, Inc.*, No. 15-CV-00974-RM-MEH, 2017 WL 2230079, at *7 (D. Colo. May 22, 2017).

communications. Accordingly, the Court denies Pharoah's request.

If Pharoah continues to desire a third-party administrator, the parties may meet and confer to discuss the necessity of a third-party administrator and how the cost of one would be borne. Should the parties reach a resolution as to this or any other matter that differs from this Order, they shall promptly file a joint status report informing the Court of such agreement.

### *Conclusion*

In accordance with the foregoing discussion, the Court **GRANTS** the Motion (Dkt. 26) and **ORDERS** as follows:

(1)   This action is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) for notice purposes only. The collective is conditionally defined as follows:

**ALL PHAROAH FIELD PERSONNEL DURING THE PAST 3 YEARS WHO WERE PAID ON A SALARY BASIS**.

(2)   Plaintiffs' proposed Notice (Dkt. 26-1); Consent to Join (Dkt. 26-2, at 2); method of notice and distribution, including mailing, texting, and emailing; and proposed procedures for sending out notice are approved, except as discussed above.

(3)   Pharoah shall provide within ten (10) days of the date of this Order the requested contact information of each putative collective member. This information shall be provided to Plaintiffs in an easily accessible electronic format such as Excel or Word.

(4)    Within ten (10) days of Plaintiffs' receipt of the requested contact information, the Notice shall be sent via U.S. mail, email, and text message to employees identified in (2).

(5)    Each recipient of the Notice shall have sixty (60) days from the date of the mailing to return the Consent to Join form to join this litigation.

**IT IS SO ORDERED** this 28th day of March 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE